*176 Opinion OF THE COURT,
BY JUDGE OWSLEY.
THIS was a petition and summons, brought in the circuit court by Clay against Johnson, &c. upon a note for two thousand one hundred and eighty dollars, given the latter to the former on the 28th of October, 1818, and payable eighteen months after date.
The defendants pleaded two pleas: 1st, Payment; 2d, that the note was made and executed without any good or valuable consideration rendered by the plaintiff and received by the defendants, or either of them,
To the first plea, the plaintiff replied generally, Ieghig-that the defendants have not paid the debt, and concluding by tendering an issue to the country, rp0 the second plea, the plaintiff replied, that the note was not executed without any good or valuable consideration, and concludes also by tendering an issue the country.
A jury was called to try these issues, and after liearthe evidence, found a verdict for the defendants, The plaintiff then moved the court for a new trial; but his motion was overruled, and judgment rendered in conformity to the verdict. Exceptions were taken to the opinion of the co.urt in refusing a new trial, and the whole of the evidence spread upon the record.
The new trial was asked for, on the ground of the court having erred in its instructions to the jury, and on the ground of the verdict being against evidence. The assignment of errors questions the correctness of the.decision of the court on the motion for a new trial.
It was not pretended in argument, that the evidence produced on the trial, establishes the fact of payment, as alleged by the defendants in their first plea. The finding of the jury upon the issue to that plea, was undefended in argument, and is totally unsupported by evidence. But it was not to try the issue to that plea onbb that the jury were sworn. They were called to try the issues made up by the parties to both of the defendants’ pleas, and the verdict is general upon both is *177 sues. It does not, therefore, follow as a necessary consequence, from the absence of proof to support the issue, that the verdict ot the jury upon both issues is contrary to evidence.
But, before we examine the evidence in relation to the second issue, it is proper to enquire as to the materiality of that issue; for if it be immaterial, the verdict, which is against evidence on the first issue, derives no support from any evidence in relation to the immaterial issue, and of course ought not to be permitted to stand. And that the second issue is immaterial, will be the more clearly perceived, by adverting to the allegations of the second plea. The object of that plea is to impeach the consideration of the note upon which the plaintiff’s action is founded; and its sufficiency for that purpose would be admitted, if it contained an allegation denying the note to have been given upon any consideration. But it contains no such allegation. The plea barely alleges that the note was made and executed without any good or valuable consideration rendered by the plaintiff and received by the defendants, or either of them. Now, according to no rational interpretation, can this plea be construed into a denial of the note having been given upon any valid consideration. It might be so construed, if a receipt of the consideration by either of the defendants was essential to its validity; but the doctrine is well settled, that such a receipt is not essential to the validity of a consideration. Either a prejudice to the promisee, or a benefit to the promisor, constitutes a sufficient consideration to uphold a promise. The allegations of the plea may, therefore, be true, and yet the note may have been given upon a valid consideration; so that, in point of law, the matter contained in the plea forms no good defence to the action.
It is true, the replication of the plaintiff is more comprehensive than the plea; but if we are correct in supposing that the plea contains no sufficient bar to the action, the replication unquestionably cannot have tendered a material issue. It requires the opposing allegations of each party, to form an issue; and of course that issue must be immaterial, which is formed by the plaintiff’s traversing the allegations of an insufficient plea.
*178 ■ The judgment must, therefore, be reversed with costs> cause remanded to the court below, and a new ' trial there awarded, and further proceedings had, not inconsistent with this opinion.